UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-56-RJC

| CHARLES EVERETTE HINTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL W. HENDERON, Mecklenburg County Deputy Sheriff; CARSON DEAN, Uptown Men's Shelter Director; PETER S. GILCHRIST, III, District Attorney, | ) | ORDER |
| Defendants. | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff' pro se complaint which he filed pursuant to 42 U.S.C. § 1983. For the reasons that follow Plaintiff's complaint will be dismissed.

**I. BACKGROUND**

Plaintiff alleges that on December 31, 2008, he was unlawfully "seized and deprived of his liberty and property in clear absence of due process of law . . ." (Doc. No. 1 at 2).[1] Plaintiff contends that he was then unlawfully detained from the date of arrest until April 21, 2010, and during such time he "was subjected to a form of slavery and involuntary servitude while being held in the Mecklenburg County jail, under an organization by which Defendant Henderson is employed, and thus resulting in violation of the Bill of Rights" and the Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments. (Id. at 3).

---

[1] According to the website of the North Carolina Department of Public Safety, Plaintiff is presently a prisoner of the State of North Carolina who was sentenced on April 245, 2012 for being a habitual felon, among other crimes, and his projected release date is February 4, 2032.

1

The basis of this seizure was the issuance of an arrest warrant by a magistrate judge who found probable cause to believe that Plaintiff had violated the terms of North Carolina's sex offender registration laws as set forth in N.C. Gen. Stat. § 14-208.11. Plaintiff contends that Defendant Henderson conspired with Defendant Dean by providing false allegations which formed the basis for the arrest warrant. Defendant Gilchrist, for his part, "by and through his office approved" the basis for the warrant on December 18, 2008.[2] Plaintiff continues in his complaint by providing further details regarding the circumstances surrounding the application for the arrest warrant by noting that Dean provided Henderson the false information two weeks prior to his arrest, however Plaintiff maintains that Dean later recanted to Defendant Gilchrist and the charge was eventually dismissed. (Id. at 4). Plaintiff further complains that Defendants Henderson and Gilchrist violated his constitutional rights by obtaining the arrest warrant from a magistrate judge rather than seeking an indictment through a grand jury. (Id. at 7).[3] Finally, Plaintiff contends that his constitutional rights were violated because he was appointed counsel even though he did not request representation, and that Gilchrist moved for an excessive bail that Plaintiff could not meet.[4]

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or

---

[2] Plaintiff notes that he is suing all three defendants solely in their personal capacities. (Doc. No. 1 at 1-2).
[3] This argument is patently frivolous as there is but no question that North Carolina empowers magistrates to issue arrest warrants. See N.C. Gen. Stat. § 7A-273(3) (magistrate shall have power to issue arrest warrants which are valid throughout North Carolina).
[4] Plaintiff's apparent contention that any of the named defendants were responsible for appointing counsel or denying him bail is meritless as the decision of whether to appoint counsel and to grant bail are made by judicial officers.

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1), (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

First, Plaintiff's complaint against Defendant Dean, whom he identifies as the Director of the Uptown Men's Shelter, will be dismissed because he is not a state actor and § 1983 actions are limited to those persons that are acting under color of state law.

Second, Plaintiff's complaint against Defendant Deputy Henderson will be dismissed because he fails to allege any facts against him other than that he apparently, an unwittingly, received false information from Defendant Dean which was later used to obtain an arrest warrant. Moreover, the allegedly false arrest occurred on December 31, 2008, and Plaintiff did not file his complaint, until January 19, 2012, at the earliest, which appears to be the date that he signed the complaint. At best, Plaintiff's allegations against Henderson presents a claim of false imprisonment and North Carolina law provides for a three-year statute of limitations on a claim for false imprisonment thus Plaintiff's claim is time-barred. See N.C. Gen. Stat. § 1-52(19); see also National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991) ("Because there is no federal statute of limitations applicable to suits under § 1983", the courts

will look to the relevant state limitation period to determine whether a claim may be time-barred.) (internal citations omitted). Plaintiff's remaining allegations against Defendant Henderson are merely conclusory and in no way support a finding that he violated any of Plaintiff's federally protected rights.

Finally, Plaintiff's complaint against Defendant Gilchrist, in his capacity as district attorney, will be dismissed based on his absolute immunity as a prosecutor. It is axiomatic that "whether and when to prosecute" is within the sound discretion of a prosecutor. See Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 n.33 (1976)). Plaintiff's allegations against Gilchrist do nothing but complain about the fact of his prosecution and fail to present any facts which could tend to show that he was operating outside the scope of his prosecutorial duties. See Imbler, 424 U.S. at 421-23.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will therefore be dismissed. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice.** (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 25, 2014

Robert J. Conrad, Jr.
United States District Judge